UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROBERT LOGAN and UVONNE MATTHEWS,        *DKT#:*  16-CV-1629

                               Plaintiff,        **COMPLAINT**

        - against -        **JURY TRIAL DEMANDED**

                                        **ECF CASE**

SGT. MARIA SEXTON (Shield # 2069),
P.O. GERMAN GERONIMO (Shield # 11218),
and Police Officers "JOHN DOE" #1-10, individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently unknown),

                              Defendant.
------------------------------------------------------------------------x

       Plaintiffs, ROBERT LOGAN and UVONNE MATTHEWS, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiffs, ROBERT LOGAN and UVONNE MATTHEWS, are both citizens of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SGT. MARIA SEXTON (Shield # 2069), P.O. GERMAN GERONIMO (Shield # 11218), and Police Officers "JOHN DOE" #1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## **FACTS**

13. The Plaintiffs reside at the location of 6 Convent Avenue in New York County (hereinafter referred to as the "premises").

14. On May 16, 2015, the Defendant police officers executed two separate search warrants at 6 Convent Avenue.

15. The First search warrant was executed at approximately 5:30 a.m. on May 16, 2015. At that time, between 20 to 25 heavily armed police officers clad in helmets, flak jackets, and other protective gear forcibly entered the premises.

16. During the First search warrant execution the Defendant police officers were searching for a gun.  Upon information and belief, the source of which is a New York County prosecutor, the police received information from a confidential informant and that the target of the search warrant was for someone that lives in the basement area of the premises.

17. The Plaintiffs were not the subject of the First search warrant.

18. The Plaintiffs were not in possession of a gun.

19. Upon execution of the First search warrant, no gun was recovered.

20. The information the Defendant police officers received from the confidential informant was not reliable.  The Defendant police officers did not have a reasonable basis to rely on any information provided by the confidential informant.  No-one was residing in the basement of the premises.  The basement of the premises was utilized for the housing of numerous dogs that were used for dog breeding.

21. The Defendant police officers did not have probable cause to obtain the First search warrant for the unknown target and for the gun.

22. The Defendant police officers did not have probable cause to execute the First search warrant.

23. Upon information and belief, as inferred from the facts and circumstances available in this case, the Defendant police officers misrepresented facts to the court at the time the First search warrant was obtained and also misrepresented the reliability of the confidential informant.

24. While inside of the premises at the time the Defendants executed the first search warrant, the Defendant police officers observed approximately thirteen (13) dogs. Approximately eleven (11) of the dogs were located in the basement. The Defendant police officers also allege that they observed various items that were consistent with dog fighting, and which amounted to "Animal Fighting Paraphernalia". The Defendant police officers also alleged that at least one dog appeared malnourished.

25. The thirteen (13) dogs belonged to Plaintiff, ROBERT LOGAN. ROBERT LOGAN was the owner of the dogs.

26. Subsequent to observing numerous dogs in the premises, the purported "Animal Fighting Paraphernalia", and the allegedly malnourished dog, the Defendant police officers obtained a Second search warrant by alleging that there was probable cause to believe that the dogs were used for dog fighting. There was no legitimate basis to reach this conclusion. The Plaintiffs did not use the dogs for dog fighting, the dogs were not injured and had no wounds, the Plaintiffs did not possess "Animal Fighting Paraphernalia", and the dogs were utilized for breeding. The dog that was allegedly malnourished was healthy and was not malnourished or abused. The Plaintiffs informed the Defendants of the fact that the dogs were utilized for breeding.

27. The Second search warrant was executed and the and the thirteen (13) dogs and other personal property belonging to the Plaintiff, ROBERT LOGAN, were seized.

28. The Defendant police officers did not have probable cause to execute the Second Search warrant.

29. Upon information and belief, as inferred from the facts and circumstances available in this case, the Defendant police officers misrepresented facts to the court at the time the Second search warrant was obtained and any representation to the Court that there was proof of dog fighting was false and not supported by the facts and evidence.

30. Plaintiffs were arrested and charged with three crimes:  (a) Causing any animal to engage in animal fighting (AM 351.2a), (b) overdriving, torturing, and injuring animals (AM 353), and (c) possession of animal fighting paraphernalia (AM 351(6)(a)).

31. The Plaintiffs did not engage in any criminal conduct.

32. There Defendants did not have probable cause to arrest the Plaintiffs.

33. To further demonstrate that the Plaintiffs did not engage in any criminal conduct involving the dogs, on or about April 9, 2015, Defendant P.O. GERMAN GERONIMO was at the premises due to a complaint lodged with 311.  The complaint was that there were too many dogs being kept at the location.  P.O. GERMAN GERONIMO acknowledged that there was no basis to arrest the Plaintiffs at that time.

34. Plaintiff ROBERT LOGAN was incarcerated for approximately five (5) days before he was released from jail.

35. Plaintiff UVONNE MATTHEWS was incarcerated for approximately five (5) days before she was released from jail.

36. On or about November 30, 2015, all Charges against the Plaintiffs were dismissed.

37. After the charges were dismissed, twelve (12) of the dogs were returned to the ROBERT LOGAN.  The dogs were returned to the Plaintiffs because there was no proof that they were the subject of a crime, and there was no proof that the dogs were used for dog fighting. There was no probable cause to arrest the Plaintiffs for any crime.

38. The Thirteenth (13th) dog was not returned to the Plaintiff.  Instead, the ASPCA provided the Plaintiff, ROBERT LOGAN, with two options.   One option was that he could pay a bill of approximately $11,000 for the treatment and care of the dog while the dog was in the possession of the ASPCA during the pendency of the criminal case.  The second option was that the he could waive his rights and surrender the dog and, in turn, he would not have to pay the $11,000 bill.  The Plaintiff could not afford to pay the $11,000 bill and, as a result, he surrendered the dog.

39. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and loss of his personal property (one dog and various items of personal property), and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
<u>**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**</u>

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

42. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42

U.S.C. § 1983

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

45. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

48. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, physical pain and injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish,

embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiffs.

52. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiffs.

53. Defendants acted with malice in initiating criminal proceedings against the Plaintiffs.

54. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiffs.

55. Defendants lacked probable cause to continue criminal proceedings against the Plaintiffs.

56. Defendants acted with malice in continuing criminal proceedings against the Plaintiffs.

57. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in the Plaintiffs' favor when all criminal charges against him were dismissed.

58. As a result of the foregoing, Plaintiff sustained, <u>inter alia</u>, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## <u>UNLAWFUL SEARCH AND SEIZURE (OF RESIDENCE)</u>
## <u>UNDER 42 U.S.C § 1983</u>

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. As a result of defendants' aforementioned conduct, plaintiffs was subjected to an illegal, improper and unlawful search of their persons and residential property without any probable cause, privilege, or consent.

61. As a result of the defendant's aforementioned conduct, Plaintiffs were subjected to an illegal, improper and unlawful seizure of their persons and residential property without any probable cause, privilege, or consent.

62. That the search and seizure of the Plaintiffs' persons and residential property was objectively unreasonable and in violation of each of the plaintiff's constitutional rights.

63. As a result of the foregoing, both Plaintiffs were humiliated, embarrassed, and suffered loss of property, loss of use and enjoyment of their property, and incurred monetary costs.

## FIFTH CLAIM FOR RELIEF
## <u>UNLAWFUL SEARCH AND SEIZURE (OF DOGS and PERSONAL PROPERTY)</u>
## <u>UNDER 42 U.S.C § 1983</u>

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of defendants' aforementioned conduct, plaintiff, ROBET LOGAN, was subjected to an illegal, improper and unlawful seizure of his property, including his dogs and personal property, without any probable cause, privilege, or consent.

66. As a result of the defendant's aforementioned conduct, the Plaintiff, ROBERT LOGAN, were subjected to an illegal, improper and unlawful seizure of his dogs and personal property without any probable cause, privilege, or consent.

67. That the search and seizure of the Plaintiff, ROBERT LOGAN's dogs and personal property was objectively unreasonable and in violation of his constitutional rights.

68. As a result of the foregoing, the Plaintiff, ROBERT LOGAN, was humiliated, embarrassed, and suffered loss of property and his dogs, loss of use and enjoyment of his property and dogs, and incurred monetary costs.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

71. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

72. Defendants acted with intent to do harm to the Plaintiffs without excuse or justification.

73. Based on the direct and circumstantial evidence, the Plaintiffs will prove at trial that the Defendant police officers arrested the Plaintiffs and alleged that they committed crimes that they did not commit because the Defendant police officers did not find a gun and the premises and the first search warrant yielded no results.

74. As a result of the foregoing, both Plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, and suffered loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and loss of certain personal property (one dog and various items of personal property), and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. All of the foregoing acts by defendants deprived the Plaintiff of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To be free from the improper search and seizure of property;

   E. To receive equal protection under the law

77. By reason of the aforesaid conduct by defendants, plaintiff, ROBERT LOGAN, is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

78. By reason of the aforesaid conduct by defendants, plaintiff, UVONNE MATTHEWS, is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million

dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff, ROBERT LOGAN, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action; and Plaintiff, UVONNE MATTHEWS, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
　　　　February 10, 2016

By: /s/ Bryan Konoski
_____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832